

E-FILED
Friday, 02 December, 2005  01:32:07 PM
Clerk, U.S. District Court, ILCD

**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

**Notice of Action**

Name: THOMPSON, Joseph

Institution:   D.C. CCM

Register Number: 11874-007

DCDC No.: 236-180

In the case of the above named the following parole action was ordered:

Reopen and retard parole effective date of February 20, 2004, and schedule for a rescission hearing on the next available docket. After completion of an in-person disciplinary infraction hearing, following your return to the Bureau of Prisons.

The above decision is **NOT APPEALABLE**.

The purpose of a rescission hearing ordered by the U.S. Parole Commission is to decide whether a deferral of your parole date is warranted based on the charge(s) listed below. At your hearing, you may present documentary evidence (including written statements of witnesses) in mitigation of your misconduct.

REASONS:

Your release date is being retarded, pursuant to 28 C.F.R. 2.86 because on January 30, 2004 the prisoner escaped from Hope Village Community Corrections Center.

cc:     CSS Data Management Group
        300 Indiana Avenue, N.W.
        Second Floor, Suite 2149
        Washington,  D.C. 20001
        Att: Sharon Barnes-Durbin,  SCSA

EXHIBIT
E

Date: February  4, 2004

Clerk: omg

**BOP-D.C. CCM**

Page 1 of 1

THOMPSON .118

016

# HEARING SUMMARY

**Name: Thompson, Joseph**                                    **Reg No: 11874-007**

## Hearing Parameters

    Hearing Type................................ : **Rescission**

    Hearing Date ............................... : 6-23-04

    Examiner ..................................... : Sandra G. Hylton

    Institution .................................... : Oxford Group

## Sentence Parameters

    Sentence Type ............................. : **DC Parole Eligible**

    MR/Statutory Release ................. : 1-25-09

    Full Term Date ............................ : 1-25-09

    Months in Custody ...................... : 4 as of 7-5-04

    Fines/Restitution/Assessment ..... : $100

    Detainer ....................................... : N/A

**Additional text regarding the above parameters:** None

---

## Prior Action & Institutional Factors

**Prior Action:** See PHA dated 4-30-04

**Codefendants:** N/A

**Representative & Representative's Statement:** N/A

**Prisoner's Statement:** The subject admits he left the Hope Village halfway house program on 1-31-04. He indicated he was trying to get relocated to another halfway house in the city because he felt threatened at Hope Village. He claims he brought his concerns to the attention of the case manager at the program and his Parole Officer. According to Mr. Thompson he was told he could not be relocated.

## Disciplinary Infractions

**No. 1 - BOP Incident Report No.** 1193063X

    **Description of Behavior:** On 1-30-04, the subject signed out of the CCC at 7:04 am to go to a church located in N.W. DC and to the Department of Motor Vehicles. He was scheduled to return to the CCC at 2:00 pm. He failed to return. The escape report was filed after 10:00 pm on 1-30-04.

    **Prisoner's Response:** The subject admits he did not return to the program because he felt threatened there and requested to be relocated to another program, however the request was denied.

    **Findings of Fact:** This examiner finds that the subject violated the rules of the institution as indicated in the above violation.

    **Basis:** Your admission and finding of guilt by the DHO on 3-23-04.

EXHIBIT
E

**Thompson, Joseph, Reg. No. 11874-007**                    **Page 1 of 2**

**Severity:** Category One because it involved administrative violations
**Rescission Guideline: 8 – 16 months**

**Program Achievement:** Since his return to prison on 2-05-04 the subject has participated in soldering class, janitorial trade, and the G.E. D classes.

**Release Plans:** Upon his release the subject indicates he will live with his fiancé, Melody Broom in Newhope, Minnesota. He hopes to obtain a job utilizing one of his skills in soldering or janitorial.

## Guideline Parameters, Evaluation & Recommendation

Disciplinary Guideline Range: ...........................8-16

**Evaluation:** The subject violated the conditions of his release by leaving the halfway house setting. He was detained 6 days later. According to the CMC at Oxford the subject has a habit of not thinking before he acts and he has a big heart. His prior record does not indicate a pattern of escapes. There is nothing in his record to indicate he would be a higher risk for parole.

**Recommendation:** Rescind parole effective date of 2-20-04. Re-parole effective 2-26-05. This requires the additional service of 12 months plus the 6 days inoperative time.

**Conditions:** Special condition of Drug and Alcohol Aftercare.

**Statutory Interim Hearing:** N/A

**Guideline Use:** A departure from the guidelines at this consideration is not warranted.

**Additional Text:** None

**Executive Reviewer's Comments:**


SGH
June 24, 2004

U.S. Department of Justice                          **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

| | |
|---|---|
| Name: THOMPSON, Joseph | Institution: Oxford FCI |
| Register Number: 11874-007 | |
| DCDC No: 236-180 | Date:    July 19, 2004 |

In the case of the above-named, the following parole action was ordered:

Rescind parole grant effective dated of February 20, 2004.  Parole effective February 26, 2005.  This
requires the additional service of 12 months.

NOTE:  Pursuant to 28 C.F.R. §2.82, your parole effective date is contingent upon approval of your
release plan by the Commission.  Your release plan will be investigated by the D.C. Court Services and
Offender Supervision Agency, which will submit a report to the Commission before a parole certificate
can be delivered.

You shall be subject to the Special Drug and Alcohol Aftercare Conditions which requires that you
participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the
D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug and
alcohol dependency.  That program may include testing and examination to determine if you have reverted
to the use of drugs or alcohol.  You shall also abstain from the use of alcohol and all other intoxicants
during and after the course of treatment.

**REASONS**:

You escaped from non-secure custody 1 time(s) without voluntary return in 6 days or less.  Guidelines
established by the Commission indicate a range of 8-16 months be added to your guideline range for
each occurrence.

Your rescission guideline range is 8-16 months to be added to your original parole effective date of  02-
20-2004.  Plus the time in escape status.

After consideration of all relevant factors and information presented, a departure from the guidelines at
this consideration is not warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies
may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

cc:    CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2149
       Washington, D.C.  20001

EXHIBIT
6

Thompson 11874-007                          -1-                          Clerk:   ADC
Queued: 07-19-2004 10:48:09 BOP-Oxford FCI |

019

BP-S205.073  **INCIDENT REPORT (CCC'S)** CDFRM AUG 99       **FEDERAL BUREAU OF PRISONS**
**U.S. DEPARTMENT OF JUSTICE**

**Part I - Incident Report**

| 1. Name of CCC: Benton County Jail (7TP) | | | |
|---|---|---|---|
| 2. Name of Offender<br>THOMPSON, Joseph R. | 3.Register Number<br>11847-007 | 4. Date of Incident:<br>February 16, 2005 | 5. Time<br>11:00 a.m. |
| 6. Place of Incident<br>Workplace (Dombrovski Meats Co.) | 7. Component<br>Pre-Release | 8. Type of Offender<br>Institution Transfer | |

9. Incident: Threatening Another with Bodily Harm (Prohibited Act Code 203) and Violating a Condition of a Community Program (Prohibited Act Code 309).

11. Description of Incident (Date:2/16/05 Time: 11:00 a.m. Staff become aware of incident)

On Wednesday, February 16,2005, I received a phone call at approximately 1100 hrs, from Julie, a supervisor at Dombrovski Meats, stating that Joseph Raymond Thompson (#11847-007), was going to be fired due to problems he was causing with fellow employees.. The reason being, inappropriate communication and threatening statements

Upon further investigation, Julie provided further written detail which included the following information:

"On Feb. 16,2005 management was told thru several employees that Joseph Thompson was making threatening remarks to fellow female co-workers. Mr. Thompson had told a couple of his female co-workers that he could have them and he could take care of their boyfriend or husband. The females questioned him as to what he meant and he proceeded to state that "he does none of the work himself he just has connections, it will only take a phone call".

One female employee said she was not comfortable with working by Mr. Thompson and tried not to talk or work real close to him. Mr. Thompson after a few days realized she was not talking to him made his way close enough to her and said "that is fine that you do not want to talk with me you are at a seven". She said "seven what does that mean?" He said "you have till ten". She said "seven, ten what do you mean?" He would not tell her so she talked with other female coworkers and asked them what do you think that means? Another female co-worker confronted Mr. Thompson and said "what does the seven-ten stuff mean?" He told her "that at seven you get hurt real bad and at ten you get killed".

The department Mr. Thompson was employed in is female-dominant. All of the employees in that department converse together. Now being told what a seven and a ten meant a few of the female employees became upset and uncomfortable with him in the work place. Dombrovski Meats released Mr. Thompson from employment upon discovering that this working relationship was not a good fit."

In my opinion the above described behavior consitutes Threatening Another with Bodily Harm".

Furthermore, I was advised that at 11:15 a.m., Mr. Thompson had exited the employer's building and was walking down the sidewalk toward the jail, three blocks away. Mr. Thompson should have been back within 10 minutes. However, at 11:35 a.m., Mr. Thompson called the jail and inquired about his paycheck. I asked him where he was and he stated "the store", which I took as Casey's General Store. I told him he was to immediately report back to jail and I gave him 5 minutes. He returned to the jail at 11:45 a.m.. Mr. Thompson did not have permission to go to Casey's and this is a violation of the work release program. The supervisor at Dombrovski Meats also confirmed this because she said employees admitted they went to Casey's with him.

| 12.Signature of Reporting Employee<br>Mary Herman | Date & Time<br>2-23-05 | 13. Name & Title (Printed)<br>Mary Herman, Program Coordinator |
|---|---|---|
| 14 Incident Report Delivered to Above Offender By<br>Sgt. Gleason | | 15. Date Incident<br>Report Delivered<br>2-23-05 | 16. Time Incident<br>Report Delivered<br>1433 |

Record Copy - Central File Record; Copy - DHO; Copy - Inmate After UDC Action; Copy - Inmate Within 24 Hours of
Part I Preparation

(This Form May Be Replicated Via WP)            Replaces BP-205.073 Of MAR 94

EXHIBIT

BP-206.073  **INMATE RIGHTS AT CENTER DISCIPLINE COMMITTEE HEARING (CCC'S)**  CDFRM MAR 94
U.S. DEPARTMENT OF JUSTICE  FEDERAL BUREAU OF PRISONS

_Benton County Jail_
Facility

As an inmate charged with a violation of Center rules or regulations referred to the Discipline Committee for disposition , you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Center Discipline Committee;

2. The right to have a member of the staff who is reasonably available represent you before the Center Discipline Committee;

3. The right to call witnesses and present documentary evidence in your behalf, provided Center safety would not be jeopardized;

4. The right to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act;

5. The right to be present throughout the Center Discipline Committee hearing except during Committee deliberations and except where Center safety would be jeopardized;

6. The right to be advised of the Center Discipline Committee recommendation and Bureau of Prisons' decision, the facts supporting the recommendation and decision, except where Center safety would be jeopardized, and the disposition in writing; and,

7. The right to contest under Administrative Remedy procedures or by letter the Bureau of Prisons' decision to the Regional Director within 20 days of notice of the decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a Center Discipline Committee hearing.

Signed _____  Reg. No.: _11874-007_  Date: _2-23-05_

Notice of rights given to Inmate on _2-23-05_ by _____
                                      Date              Employee Signature

**INMATE RIGHTS AT CENTER DISCIPLINE COMMITTEE HEARING (CCC's)**

Facility

When an inmate has been advised of the rights afforded at a Center Discipline hearing, but refuses to sign the acknowledgment, the following should be completed.

I have personally advised _____ of the above rights afforded
                              Inmate's name and Register No.

at a Center Discipline Committee hearing, however, the inmate refused to sign the acknowledgment.

Signed: _____

_____
(Employee's Typed Name)

_____
(Date)

**WAIVER OF 24 HOUR NOTICE**

I have been advised that I have the right to have a written copy of the charges(s) against me at least 24 hours prior to appearing before the Center Discipline Committee. I wish to waive this right and proceed with the Center Discipline Committee hearing at this time.

| Signed by Inmate | Inmate Typed or Printed Name | Register No. |
|---|---|---|
| _____ | _Joseph Raymond Thompson_ | _11874-007_ |
| Date and Time Inmate Signed | Witnessed by (Employee Signature) | |
| _2-23-05  1430_ | _Sgt. Glen_ | |

This form may be replicated via WP|

EXHIBIT
I

021

BP-S207.073   **NOTICE OF CENTER DISCIPLINE COMMITTEE HEARING (CCC'S)**   CDFRM MAR 94
**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Date  2-23-05 | Facility  Benton Co. Jail |
| Inmate  Joseph Raymond Thompson | Register Number  11874-007 |

Alleged Violation(s)  Violating a Condition of Community Program (Unaccountability)
Threatening another with bodily harm

| | |
|---|---|
| Date of Offense  2-16-05 | Code Number  309 - 203 |

You are being referred to the Center Discipline Committee for the above charges(s).

The hearing will be held on: 2-24-05          at  1100     (A.M.)/P.M.)

at the following location: Benton Co. Jail

You are entitled to have a staff member represent you at the hearing. Please indicate below whether you desire to have a staff representative, and if so, his or her name.

Inmate's Initials          ☒ I (do) wish to have a staff representative.

Inmate's Initials          ☐ I (do not) wish to have a staff representative.

If so, the staff representative's name is:  L. Yanish

You will also have the right to call witnesses at the hearing and to present documentary evidence in your behalf, provided calling your witnesses will not jeopardize Center safety. Names of witnesses you wish to call should be listed below.

Inmate's Initials          Briefly state what each proposed witness would be able to testify to.

Name:                                    Can Testify to:

Name:                                    Can Testify to:

Name:                                    Can Testify to:

The Chairman of the Center Discipline Committee will call those witnesses (Staff or Inmate) who are reasonably available, and who are determined by him/her to be necessary for an appreciation of the circumstances surrounding the charge(s). Repetitive witnesses need not be called. Unavailable witnesses may be asked to submit written statements.

Date, sign, and return this form to the Chairman of the Center Discipline Committee.

| | | |
|---|---|---|
| Date 2-23-05 | Inmate Signature/Reg. No. | |
| Notice of Hearing given to inmate by: Employee Signature  Sgt. Ellison | | Date 2-23-05 |

(This form may be replicated via WP)

EXHIBIT

022

BP-S208.073  **CENTER DISCIPLINE COMMITTEE REPORT (CCC'S)**  CDFRM MAR 94
U.S. DEPARTMENT OF JUSTICE  FEDERAL BUREAU OF PRISONS

| Name of Inmate | Register Number | Hearing Date |
|---|---|---|
| Joseph Raymond Thompson | 11874-007 | 2-24-05 |

| Date of Incident | Date of Incident Report | Prohibited Act(s) Code |
|---|---|---|
| 2-16-05 | 2-23-05 | 309 * 203 |

Summary of Charge(s) Violating a condition of a Community Program (Unacceptable) + Threatening another with bodily harm

**I. NOTICE OF CHARGE(S)**

| 2-24-05 | Doug Burt | |
|---|---|---|
| Date | Typed Name/Signature DHO | |

A. Advance written notice of charges (copy of incident report) was given to inmate on
2-23-05 at 1430 hours by Sgt. Glason
Date      Time

B. The CDC Hearing was held on 2-24-05 at 1100 am
Date      Time

C. The inmate was advised of his rights before this CDC by Doug Burt

on 2-24-05 and a copy of the advisement of rights form is attached.
Date

**II. STAFF REPRESENTATIVE**
A. Inmate waived right to staff representative: (Yes/No/NA)
B. Inmate requested staff representative and Laurel Yanish appeared.
C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing as a result that

**III PRESENTATION OF EVIDENCE.**
A. Inmate has been advised of his right to present a statement or to remain silent, to present documents, including written statements of unavailable witnesses, and for relevant and material witnesses to appear in his behalf at the hearing.
Inmate admits/denies the charge(s).

B. Summary of Inmate Statement: Inmate said that he at no time made any statement like the females allege he did. He feels that the females at this work-place got together and made up the whole story.

C. Witnesses:
1. The inmate requested witnesses: (Yes/No/NA)
2. The following persons were called as witnesses at this hearing and appeared:

3. A summary of testimony of each is attached: (Yes/No/NA)
4. The following persons requested were not called for the reason(s) given:

5. Unavailable witnesses were requested to submit written statements and those statements were considered: (Yes/No/NA)

D. Documentary Evidence: In addition to the incident Report and Investigation, the Committee considered the following documents:

E. Confidential information was considered by the CDC and not provided to inmate  (Yes/No/NA)

EXHIBIT

BP-5208 (Continued)

**IV. FINDINGS OF THE COMMITTEE**
X a. The act was committed as charged.
X b. The following act was committed: Threatening another with bodily harm and Violating a condition of a Community Program 203 + 309
□ c. No prohibited act was committed: Expunge according to your statement of work.

023
FROM :NCR CORRECTIONAL SVCS  FAX NO. :9135511052  Feb. 25 2005 10:36AM P3

BP-8208 (Continued)

## IV. FINDINGS OF THE COMMITTEE

☐ a. The act was committed as charged.

☑ b. The following act was committed: Voilating a condition of a community program and Threatening another with bodily harm.

☐ c. No prohibited act was committed: Expunge according to your Statement of Work.

## V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS

I support my findings based on the incident report which indicates information from Julie Schmnich and Mary Herman and also the information gathered from the investigation and hearing. It is clear by the letter from Dombrovski Meats that there was obviously some discussion about a seven-ten numbering system and it's meaning and how uncomfortable it made particular co-workers. In the investigation an employee was well admitted she was aware of the numbering system but didn't know of its particulars. (Threatening bodily harm) It is clear for the second violation of Violating a condition of a community program, unaccountability, that due to Mary Herman's incident report, Mr. Thompson called the jail and admitted he was at "The Store" when he knew that no loitering to and from work was approved. In the investigation, Mr. Thompson stated that Mr. Tom Dombrovski, employer, stated that to be careful of female employee's they like to cause problems for the male employees. In the investigation, Mr. Dombrovski stated that he advises all employees to remember that you are working in a male and female environment. Mr. Dombrovski denies any comment referring to how females get male employees in trouble. Mr. Dombrovski said his message during orientation was taken out of context.

## VI. SANCTION RECOMMENDATION

Recommend parole date rescission or retardation, loss of work release and disciplinary transfer.

## VII. REASON FOR SANCTION RECOMMENDATION

I feel the seven-ten point system created quite an uncomfortable situation for employees of Dombrovski Meats. Also the comments by Mr. Thompson per the incident report that "he does none of the work himself he just has connections, it will only take a phone call to take of their boyfriends or husbands" is truly threatening and serious. I believe Mr. Dombrovski is credible as an employer of over 40 employees.

## VIII. APPEAL RIGHTS

The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal under the Administrative Remedy Procedure or by letter within 20 days of the imposition of the sanction to the Regional Director. A copy of this report has been given to the inmate.

## IX. DISCIPLINE COMMITTEE

| Chairperson Doug Burt | Member | Member |
|---|---|---|

## X. ACTION BY DHO

203 - Recommend Parole Retardation of 30 days    2/25/05
Recommend Disciplinary Transfer
309 - Recommend Disciplinary Transfer    Typed Name/Signature - DHO   Jetta A Turrell

END FORM

(This form may be replicated via WP)

U.S. Department of Justice
U.S. Parole Commission

Type of Contact:   Visit [ ]   Telephone [ ]   Date __2/25/05__

In re:  Name __Thompson, Joseph__ No. __11874-007__

Caller ____Karen Jussila____

Address ____CCM- Minneapolis, MN____

Telephone Number ____(612) 664-5568____

Relationship _____

Remarks:

S has a parole release date of 2/26/05 but recently incurred DHO for Threats, Code 203. BOP will fax incident & DHO report today.

EXHIBIT

Note: S has a 6 month consecutive to follow if he released on 2/26/05. However Mr. Thompson recently incurred DHO. will forward DHO & incident report

BOP FORM JSPC-2
JUN. 92

JG 2/25

025

U.S. Department of Justice                              **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

| | |
|---|---|
| Name: THOMPSON, Joseph | Institution: Minneapolis CCM |
| Register Number: 11874-007 | |
| DCDC No: 236-180 | Date:        March 1, 2005 |

In the case of the above-named, the Commission orders pursuant to 28 C.F.R. §2.86:

Reopen and retard parole effective date of February 26, 2005 *nunc pro tunc* for violating the rules of the institution and schedule a rescission hearing on the next available docket.

**REASONS**:

The Commission has determined, based upon an incident report from the Bureau of Prisons, that on February 25, 2005 you were found guilty by a Disciplinary Hearing Officer of Threatening Another with Bodily Harm on February 25, 2005 you were found guilty by a Disciplinary Hearing Officer of Violating a Condition of a Community Program.

THE ABOVE DECISION IS NOT APPEALABLE.

cc:     CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2070
        Washington, D.C. 20001

EXHIBIT
M

THOMPSON 11874-007                     -1-                    Clerk:   MDD
Queued: 03-01-2005 15:45:27 BOP-Minneapolis CCM |

026

# HEARING SUMMARY

**Name: Thompson, Joseph**                          Reg No: **11874-007**

## Hearing Parameters

Hearing Format .............................: **In Person**
Hearing Type ...............................: **Rescission**
Hearing Date ................................: 6/29/05
Examiner.....................................: Jeffrey S. Kostbar
Institution ....................................: Pekin FCI

## Sentence Parameters

Sentence Type...............................: **DC Parole Eligible**
MR/Statutory Release ..................: 1/25/2009
Full Term Date.............................: 1/25/2009
Months in Custody.......................:  as of
Fines/Restitution/Assessment ......: None
Detainer.......................................: Yes – 6-months consecutive federal no parole term to follow for behavior not associated with the current rescission charge.

**Additional text regarding the above parameters:** The subject objected to his hearing being held with his case manager present. I explained to the subject that the case manager and the case manager coordinator (who was also sitting in on today's hearing) had a legal and procedural right to be present at today's hearing and they would not be excused from the room. The hearing did proceed.

## Prior Action & Institutional Factors

**Prior Action:** The subject's original term was 5-15 years (1999) for Attempt to Possess with Intent to Distribute Cocaine. That sentence was suspended and he was placed on 5-years supervised probation and ordered to a Halfway House Program. The probation was revoked in the year of 2000 and he was sentenced to a 3-9 year term.

The subject was then given a presumptive parole date of 2/20/04. He was placed in a Halfway House, Hope Village, prior to that date and he escaped. The subject stated that he left the halfway house because he felt threatened. The subject's parole effective date of 2/20/04 was rescinded and he was given a 12 month sanction, plus the time spent in escape status and his parole was to take affect to his consecutive 6-month no parole term.

Once again, the subject was placed in a CCC prior to an anticipated release. His new parole effective date was 2/26/05. 10 days short of that date, 2/16/05, the subject was fired from his job at Dombrodski Meats, for threatening fellow female employees. The subject was found guilty by DHO on 2/25/05 and he was returned to Federal Bureau of Prisons custody.

The subject has availed himself of his administrative remedy appeal process within the Bureau of Prisons. He did not gain satisfaction from either the BP-9 or the BP-10 (appeal to the Warden and the Regional Office). He

then appealed to the Central Office of the Bureau of Prisons via BP-11 but that appeal was returned to him for some administrative reason and not accepted. He is still trying to have that appeal accepted and states that he will go to court when he's exhausts administrative remedy.

The subject questioned what the Parole Commission will do if he is ultimately found not guilty of this incident by the Bureau of Prisons and his DHO's expunged (providing the Parole Commission makes a rescission decision today). This examiner explained to him that the Parole Commission will have a choice as to either cancel any rescission action it has taken or schedule another hearing and make an independent finding of fact based on the allegations, notwithstanding the expungement of the Bureau of Prisons. I explained to him that the Parole Commission does have the authority to make independent findings of fact regarding rescission behavior, even when a standing DHO is not in evidence.

**Codefendants:** None.

**Representative & Representative's Statement:** Waived.

**Prisoner's Statement:** The prisoner submitted a written statement (a copy of which I have included in the packet) and requested that it be read into the record. I read this statement into the record. Apparently, he has also sent a copy to the Parole Commission Office and there is likely a copy in the file. The subject blames the incident at his job on ethnic differences between himself and the female coworkers. He acknowledges using slang words but states that they were misinterpreted and that he was not threatening anyone. He states that he is an African American working amongst whites from a small town and that they misinterpreted his words and actions. Further, he believes that there are administrative errors in the processing of his DHO by the Bureau of Prisons.

**Disciplinary Infractions**

**No. 1 - BOP Incident Report No.** 1315528
    **Description of Behavior:** Threatening Bodily Harm.
    **Prisoner's Response:** As noted previously in the Prisoner's Statement, he denies threatening anyone either through physical actions or verbal actions. He blames this matter on the fact that he is an African American who was working among small town white woman and that they misinterpreted his statements and his slang.

This examiner would note that the subject's actions at his job are reported by the job supervisor to be a part of pattern of behavior, which was escalating. The subject, through his physical actions and statements was making fellow workers, who are female, feel very uncomfortable and they were staying away from him. They were already feeling threatened and he was insinuating that he had connections who could take care of their husbands or boyfriends. The situation culminated when the subject used slang, which was threatening slang. He told the fellow coworkers that she was at a 7. When another female coworker confronted our subject and asked what 7 and 10 meant he told her that at a 7 "you get hurt real bad and that a 10 you get killed".

This examiner finds that the statements of his fellow employees, as reported through their work supervisor, are more credible and convincing than the subject's denial of those statements at today's hearing. Consequently, this examiner finds that the subject did commit the prohibited act of threatening another with bodily harm.

**Findings of Fact:** This examiner finds that the subject violated the rules of the institution as indicated in the above violation.
**Basis:** DHO finding of 2/25/05 and independent finding of fact regarding incident of 2/16/05.
**Severity:** Category One because it involved Threatening Another with Bodily Harm.
**New SFS:** 3.
**Rescission Guideline:** 12-16 months.

**Program Achievement:** None.

**Release Plans:** The subject plans to live with his wife in New Hope, Minnesota. This residential plan has been previously approved.

## Guideline Parameters, Evaluation & Recommendation

Disciplinary Guideline Range:.......................... 12-16

**Evaluation:** Please note that this case was originally worked up by the Analyst and the Pre-reviewer as an administrative violation with guidelines of 0-2 months. Consequently, there was not SFS computed prior to today's hearing. This examiner, utilizing limited information available at the hearing, has computed a SFS of 3 based upon the fact that I find that this is new criminal conduct committed in the community while on Work Release/CCC status. Consequently, the case must have a new SFS computed and an offense severity assigned. Appropriate guidelines would appear to be 12-16 months.

The subject objected to 12-16 month guidelines being applied to this hearing and believes that 0-2 month guidelines should be applied. This examiner explained to the subject that per 28 C.F.R. 2.36(a)(3), found on page 89 of the manual, guidelines which are applicable to reparole violators under Section 2.21 shall be applied using the new offense severity from 2.20 and recalculated SFS.

This is now the subject's second CCC failure since 2004. This examiner believes that a top of the guideline decision after service of 16 months would be appropriate to this case. Of course, any parole will be to his 6-month no parole consecutive term. Alcohol Aftercare and Drug Aftercare should apply to this case.

**Recommendation:** Rescind parole effective date of 2/26/05. Continue to a presumptive parole 6/26/06 to the consecutive 6-month no parole term only. This requires the service of an additional 16-months.

**Conditions:** Drug and Alcohol Aftercare.

**Statutory Interim Hearing:** None.

**Guideline Use:** A departure from the guidelines at this consideration is not warranted.

**Additional Text:** None.

**Executive Reviewer's Comments:** Denton 7/19/05

I have reviewed the file to determine the salient factor score since the examiner had limited information. The prior convictions/commitments are as follows:

**Thompson, Joseph, Reg. No. 11874-007**          **Page 3 of 4**

| 10/29/85 | UUV | guilty – 2 years DHS; served 7 months at Oak Hill (1-1) |
| 12/15/97 | Att. UUV | 1/28/99 probation (2-1) |
| 12/15/97 | BRA | 1/28/99 probation (3-1) |
| 11/15/88 | Att. Dist. PCP | 4/25/89 probation (4-1) |
| 10/21/89 | Att. Dist. Cocaine | 10/30/90 probation (5-1); revoked 9/16/91 – 14/45 months (5-2); parole; revoked 5/26/94 – immediate reparole (5-2) |
| 12/22/94 | Att. UUV | 4/13/95 180 days (6-3) |
| 5/3/95 | Grand Theft | 7/26/95 probation (7-3) |
| 2/2/98 | Grand Theft | 9/30/98 1 year (8-4) |
| 5/29/98 | Escape | 1/28/99 probation (9-4) |
| 4/19/99 | UUV | 11/15/99 1 year (10-5) |
| 5/19/99 | PWID Cocaine | 9/28/99 probation (11-5); revoked 6/16/00 9 years (11-6) – base offense |
| 2/6/00 | Poss. Stolen Goods | 3/15/00 probation (12-6) |

Item A – 0
Item B – 0
Item C – 1
Item D – 0
Item E – 0
Item F – 0

Total recomputed SFS = 1

Note:  Thompson does have a prior juvenile arrest for burglary, assault with a dangerous weapon (2 counts), Burglary II, and Cruelty to Animals.  He was 14 years old and pled guilty to Burglary II with a sentence of probation.  Probation was revoked and he was committed to DHS for 1 month.

JSK/PAH
July 7, 2005



U.S. Department of Justice
U.S. Parole Commission

# ORDER

Name _____ *THOMPSON, Joseph*

Register Number _____ *11874-007* _____ Institution _____ *Pekin*

n the case of the above-named, the Commission has carefully examined all the information at its disposal and the following action
ith regard to parole, parole status, or mandatory release status is hereby ordered:

*Continue to a presumptive parole 6/26/06. To the consecutive 6 month reparole term only. This requires the service of an ADD, Term of 16 months. ~~~~~ with the special drug + alcohol aftercare conditions.*

*J. Kosler 6/23/05*
*Pamela Newton 7/19/05*
*Francis J. McAllee 7-27-05*

Date _____

*Continue for a rehearing on 6/30/08, 36 months from your hearing date of 6/30/05.*

*Bell Allen 7/25/05*
*[signature] 7/20/05*
*[signature] 11/30/05*

Date _____

EXHIBIT

_____        _____
(Date Notice sent)               (Region-specify)

National Appeals Board _____
                                  (check)

National Commissioners _____
                                  (check)

Full Commission _____
                                  (check)

PAROLE FORM H-6
A 031

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

| | |
|---|---|
| Name: THOMPSON, Joseph | Institution: Pekin FCI |
| Register Number: 11874-007 | |
| DCDC No: 236-180 | Date: August 11, 2005 |

As a result of the hearing conducted on June 29, 2005, the following action was ordered:

Rescind parole grant effective date of February 26, 2005. Deny parole. Continue for a rehearing in June 2008, after the service of 36 months from your last hearing.

**REASONS**:

You committed behavior that constitutes new criminal conduct in the community while on work release from a community corrections center which is rated as Category One severity because it involved threatening bodily harm. Your recalculated salient factor score (SFS-98) after considering your new criminal conduct is 1. Guidelines established by the Commission which consider the above factors indicate a range of 12-16 months to be added to your guideline range.

Your rescission guideline range is 12-16 months to be added to your original parole effective date of 02-26-2005. After consideration of all relevant factors and information presented, a decision above the guidelines is warranted because you are a more serious risk than indicated by the guidelines in that you have 12 convictions in 15 years, not including your juvenile record. You have previously failed in probation and failed on parole. Now while in a halfway house, you threatened female co-workers.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2070
       Washington, D.C. 20001

EXHIBIT
P

Thompson 11874-007                               -1-                          Clerk:   ADC
Queued: 08-11-2005 09:45:26 BOP-Pekin FCI |

032

# SALIENT FACTOR SCORE (SFS-98)

**Your Pts    Salient Factor Score (SFS-98) Item Explanations**

0        **A** - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0

0        **B** - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0

1        **C** - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation)

0        **D** - Recent commitment free period (three years)
No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

0        **E** - Probation/parole/confinement/escape status violator this time
Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

0        **F** - Older offenders
If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

1        **Salient Factor Score (SFS-98)** (sum of points for A-F above)



# U.S. PAROLE COMMISSION

Addendum to Hearing Summary for Case of:

Joseph Thompson                    11874-007
**Name of Offender**                          **Register No.**

You Are A more Serious risk & a power Risk than your SFS indicates. You have 12 convictns in 15 years, not including your juvenile Record You have previously Failed on probatn + failed in a halfway house, on prole. Now while the prole prole, you threatened female coworkers.

EXHIBIT Q

NAME

7-21-05
DATE

034

U.S. Department of Justice

**Notice of Action**

United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

---

Name:  THOMPSON, Joseph

Institution:  Pekin FCI

Register Number:  11874-007

DCDC No:  236-180

Date:  December 1, 2005

---

As a result of the hearing conducted on June 29, 2005, the following action was ordered:

### Correct Notice of Action Dated August 11, 2005 to Read:

Rescind parole grant effective date of February 26, 2005.  Deny parole.  Continue for a rehearing in June 2008, after the service of 36 months from your last hearing.

**REASONS**:

You committed behavior that constitutes new criminal conduct in the community while on work release from a community corrections center, which is rated as Category One severity because it involved threatening bodily harm.  Your recalculated salient factor score (SFS-98) after considering your new criminal conduct is 1.  Guidelines established by the Commission which consider the above factors indicate a range of 12-16 months to be added to your guideline range.

Your rescission guideline range is 12-16 months to be added to your original parole effective date of   02-26-2005.  After consideration of all relevant factors and information presented, a decision above the guidelines is warranted because you are a more serious risk **and poorer risk than indicated by your Salient Factor Score** in that you have 12 convictions in 15 years, not including your juvenile record.  You have previously failed in probation and failed on parole.  Now while in a halfway house, you threatened female co-workers.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

cc:    CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2070
       Washington, D.C.  20001

---

REG NO..: 11874-007 NAME....: THOMPSON, JOSEPH R
CATEGORY: ARS        FUNCTION: DIS        FORMAT:

| FCL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|-----|------------|-------------|-----------------|----------------|
| PEK | A-DES | DESIGNATED, AT ASSIGNED FACIL | 03-15-2005 1839 | CURRENT |
| 1-P | RELEASE | RELEASED FROM IN-TRANSIT FACL | 03-15-2005 1939 | 03-15-2005 1939 |
| 1-P | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 03-03-2005 1420 | 03-15-2005 1939 |
| CMS | TRANSFER | TRANSFER | 03-03-2005 1320 | 03-03-2005 1320 |
| CMS | A-DES | DESIGNATED, AT ASSIGNED FACIL | 01-05-2005 1950 | 03-03-2005 1320 |
| 4-E | RELEASE | RELEASED FROM IN-TRANSIT FACL | 01-05-2005 2050 | 01-05-2005 2050 |
| 4-E | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 01-05-2005 1100 | 01-05-2005 2050 |
| OXF | FURL TRANS | FURL W/UNESCORTED TRF TO A CCC | 01-05-2005 1000 | 01-05-2005 1000 |
| OXF | A-DES | DESIGNATED, AT ASSIGNED FACIL | 10-05-2004 1302 | 01-05-2005 1000 |
| OXF | LOCAL HOSP | ESC TRIP TO LOCAL HOSP W/RETN | 10-04-2004 1832 | 10-05-2004 1302 |
| OXF | A-DES | DESIGNATED, AT ASSIGNED FACIL | 08-03-2004 1455 | 10-04-2004 1832 |
| OXF | LOCAL HOSP | ESC TRIP TO LOCAL HOSP W/RETN | 08-03-2004 1010 | 08-03-2004 1455 |
| OXF | A-DES | DESIGNATED, AT ASSIGNED FACIL | 03-10-2004 1715 | 08-03-2004 1010 |
| B07 | RELEASE | RELEASED FROM IN-TRANSIT FACL | 03-10-2004 1815 | 03-10-2004 1815 |

G0002        MORE PAGES TO FOLLOW . . .

```
REG NO..: 11874-007 NAME....: THOMPSON, JOSEPH R
CATEGORY: ARS        FUNCTION: DIS        FORMAT:
```

| FCL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|-----|-----------|-------------|-----------------|----------------|
| B07 | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 03-10-2004 1704 | 03-10-2004 1815 |
| CDC | ADMIN REL | ADMINISTRATIVE RELEASE | 03-10-2004 1704 | 03-10-2004 1704 |
| CDC | A-BOP HLD | HOLDOVER FOR INST TO INST TRF | 02-06-2004 1000 | 03-10-2004 1704 |
| CDC | ESCAPE | ESCAPE | 01-30-2004 2200 | 02-06-2004 1000 |
| CDC | A-DES | DESIGNATED, AT ASSIGNED FACIL | 01-22-2004 1209 | 01-30-2004 2200 |
| 4-E | RELEASE | RELEASED FROM IN-TRANSIT FACL | 01-22-2004 1209 | 01-22-2004 1209 |
| 4-E | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 01-21-2004 1001 | 01-22-2004 1209 |
| OXF | FURL TRANS | FURL W/UNESCORTED TRF TO A CCC | 01-21-2004 0901 | 01-21-2004 0901 |
| OXF | A-DES | DESIGNATED, AT ASSIGNED FACIL | 01-28-2002 1249 | 01-21-2004 0901 |
| OXF | LOCAL HOSP | ESC TRIP TO LOCAL HOSP W/RETN | 01-28-2002 0535 | 01-28-2002 1249 |
| OXF | A-DES | DESIGNATED, AT ASSIGNED FACIL | 10-22-2001 1220 | 01-28-2002 0535 |
| B07 | RELEASE | RELEASED FROM IN-TRANSIT FACL | 10-22-2001 1320 | 10-22-2001 1320 |
| B07 | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 10-22-2001 0440 | 10-22-2001 1320 |
| THA | HLD REMOVE | HOLDOVER REMOVED | 10-22-2001 0340 | 10-22-2001 0340 |

```
G0002        MORE PAGES TO FOLLOW . . .
```

**037**

REG NO..: 11874-007 NAME....: THOMPSON, JOSEPH R
CATEGORY: ARS        FUNCTION: DIS        FORMAT:

```
FCL     ASSIGNMENT  DESCRIPTION                          START DATE/TIME  STOP  DATE/TIME
THA     A-BOP HLD   HOLDOVER FOR INST TO INST TRF        10-17-2001 0945  10-22-2001 0340
A02     RELEASE     RELEASED FROM IN-TRANSIT FACL        10-17-2001 1045  10-17-2001 1045
A02     A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL       10-17-2001 0830  10-17-2001 1045
OKL     HLD REMOVE  HOLDOVER REMOVED                     10-17-2001 0730  10-17-2001 0730
OKL     A-BOP HLD   HOLDOVER FOR INST TO INST TRF        10-09-2001 1525  10-17-2001 0730
A02     RELEASE     RELEASED FROM IN-TRANSIT FACL        10-09-2001 1625  10-09-2001 1625
A02     A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL       10-09-2001 0849  10-09-2001 1625
GRE     TRANSFER    TRANSFER                             10-09-2001 0749  10-09-2001 0749
GRE     A-DES       DESIGNATED, AT ASSIGNED FACIL        01-17-2001 1305  10-09-2001 0749
3-E     RELEASE     RELEASED FROM IN-TRANSIT FACL        01-17-2001 1405  01-17-2001 1405
3-E     A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL       01-17-2001 0713  01-17-2001 1405
LEX     HLD REMOVE  HOLDOVER REMOVED                     01-17-2001 0713  01-17-2001 0713
LEX     A-HLD       HOLDOVER, TEMPORARILY HOUSED         01-16-2001 1741  01-17-2001 0713
0-G     RELEASE     RELEASED FROM IN-TRANSIT FACL        01-16-2001 1741  01-16-2001 1741
```

G0002      MORE PAGES TO FOLLOW . . .

REG NO..: 11874-007 NAME....: THOMPSON, JOSEPH R
CATEGORY: ARS       FUNCTION: DIS        FORMAT:

| FCL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|-----|-----------|-------------|-----------------|----------------|
| 0-G | A-ADMIT   | ADMITTED TO AN IN-TRANSIT FACL | 12-28-2000 1435 | 01-16-2001 1741 |
| BOP | ADMIN REL | ADMINISTRATIVE RELEASE | 12-28-2000 1435 | 12-28-2000 1435 |
| BOP | A-ADMIN   | ADMINISTRATIVE ADMISSION | 12-28-2000 1433 | 12-28-2000 1435 |
| BOP | DCOB REL  | REL FROM D.C. OFFENDER BRANCH | 12-28-2000 1432 | 12-28-2000 1433 |
| BOP | A-DCOB    | ADMIT TO D.C. OFFENDER BRANCH | 09-13-2000 1257 | 12-28-2000 1432 |

G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

Thompson, Joseph
Regno 11874-007
Benton County Jail/
Huber/Work release

MAR 2 1 2005

370 956-R1

This was written on
the 3-12-05

I, Joseph R. Thompson, would like to appeal the D.H.
decision to terminate my participation in the work
release program. I feel like I have unjustly been
released from the program based on hearsay and
nsufficent factual data. I am appealing the D.H.O.
decision for the following reasons:

1) There's no written statements to support the alleged
allegations.
2) P.C. Ms mary Herman violated me without proof or
factual evidence; I was violated by hearsay and
secondhand evidence. The very definition of hearsay states;
1. Traditionally, testimony that is given by a witness who
relates not what he or she knows personally, but what
others have said, and that is therefore dependent on the
credibility of someone other than the witness. Such
testimony is generally inadmissible under the rules of
evidence.
3) IF Dombrovski meats felt I was not a good fit; as
stated in the allegations; then I should have been granted
the oppertunity to find a different type of employment.
in NO such mannor did Dombrovski meats state that
I was a hazard to society and should be released from
my program or a threat to any other individuals.
1) I was never charged or convicted of a crime.
5) It is clearly shown that the alleged report is hearsay

bias, gender, as well as racial profile.

6) I only ask as a right; why am I being charged with a disciplinary infraction without a new criminal behavior? however, it also shows that I have not broken any of the huber/work release rules for a new criminal conduct that did not take place.

7) There Fore; the only incident that took place and shown here; is that I lost my job; and losing my job is not a breach of my work release contract.

In conclusion I feel that P.C. Ms. Mary Herman removed me from the program without merit. Like most men; I have made my share of mistakes; and I'm attempting to move forward in my life and become a law abiding member of society; my only request is the opportunity to achieve this goal by being reinstated and continue my work release program. Please note: I would seriously like to add the following information for your consideration. Not only was I was removed unjustly; I believe that the C.D.C. made a clerical error in processing my removal; the incident occurred on 16th of february To my knowledge protocol states I should have recieve a formal incident document within 24 hours followed by a C.D.C. or U.D.C. hearing within 72 hours from then. I did not recieve the formal incident documentation until the 23rd of february. I had to complete a second hearing as a result of the error.

Thank you for your help in this matter

Joseph R Thompson 11874-001

041

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

Admin Remedy Number: 370956-R1

This is in response to your Regional Administrative Remedy Appeal dated March 12, 2005, concerning the finding of the Center Discipline Committee (CDC), on February 24, 2005, and the subsequent concurrence by the Discipline Hearing Officer (DHO), that you committed the prohibited acts of Threatening Another With Bodily Harm, Code #112 and Violating a Condition of a Community Program, Code #309. In your complaint, you contend you should not be terminated from the work release program based on hearsay and insufficient factual data. You further state there was an error in the time frames while processing this incident. Although you do not make any specific request regarding the resolution of your complaint, you state you want to be returned to a federal facility.

We have reviewed your appeal in conjunction with Program Statements 7300.08, <u>Community Corrections Manual</u>, and 5270.07, <u>Inmate Discipline and Special Housing Units</u>. Based on the investigation and the evidence provided to us, we find the DHO met the standards of fairness, impartiality, and burden of evidence on which to support the finding that you committed the acts as charged. We find this incident was processed following all applicable procedures. You have been designated to a federal facility. We support the DHO's finding and the sanctions imposed.

Based on the above information, your Regional Administrative Remedy Appeal is partially granted.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, D.C. 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

_4/9/05_
Date

_Michael K. Nalley, Regional Director_

042

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP–DIR–9 and BP–DIR–10, including any attachments must be submitted with this appeal.

| From: | Thompson, Joseph | 11874-007 | Indiana~1 | Pekin-IL |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

Part A—REASON FOR APPEAL  I, Joseph Thompson, #11874-007, is submitting this appeal in regards to an incident which occurred at the Dombrovski Meats Co., 425 Dewey Street, Foley, MN 56329, an establishement in which I was employed during the period that I was participating in the WORK/ WORK RELEASE PROGRAM in which I was unjustly and unfairly terminated. I would like to incorporate the facts relied on to support this matter as stated in the Incident Report written by Julie Schmaich, Supervisor at Dombrovski Meats, on February 17, 2005, and the Description of the Incident as reported in Mary Herman's incident report dated February 23, 2005, with the exception to the fact that Mr. Thompson asserts that he never made any threatening remarks towards any of the employees at Dombrovski Meats. (See Exh. A & B). Mr. Thompson appeals that the North Central regional Office in reviewing his Regional Administrative Remedy Appeal dated March 12, 2005, (See Exh.D), they erroneously determined that the findings of the Center Disciplina Committee (CDC), on 02/24/05, and the Discipline Hearing Officer (DHO), on 02/24/05, supported the findings that Mr. Thompson committed the prohibited acts of Threatening another With Bodily Harm, Code 112 and Violating a Condition of a Community Program, Code 309, without first, considering the violations of Mr. Thompson's procedural due process of rights that warrant that this incident report be expunged and Mr. Thompson reinstated to the Work Release Progra (Note: **The Regional Office incorrectly characterized the alleged threatening remarks by Mr. Thompson as an incident under Code#112, however, it should be Coded at 203**).

5-16-05
_____          _____
DATE                                        SIGNATURE OF REQUESTER

Part B—RESPONSE

_____          _____
DATE                                        GENERAL COUNSEL

SECOND COPY: REGIONAL FILE COPY          CASE NUMBER: 3109-6-A3

Part C—RECEIPT

CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION
SUBJECT: _____

_____          _____
DATE                                        SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP
APRIL 1982
USP LVN

{Attachment BP(H) Thompson Joseph 2#11874-007, Indiana-1, Pekin, IL)

Mr. Thompson asserts that this Central Office after reviewing this matter, should vacate and remand this case with instruction to expunge this incident whereas, it violates Mr. Thompson's procedural due process rights as outlined in **Wolff v. McDonnell**, and the CDC and DHO failed to adhere to its administration's regulations as required by judicial law. See **Marshall v. Lansing**, 839 F.2d 933, 943 (3rd Cir.1988). Mr. Thompson states the followings in support for reveiw:

1). Whether Mr. Thompson's procedural due process was violated when the contract facility (Benton County Jail) failed to post and make accessible the Inmate Discipline and Special Housin Units Procedure and Forms as required pursuant to P.S. 7300.09,§5.7:2. Ch.5, Page-20, 5/19/99; P.S. 5270.07, Ch.2 (1)[a], Pg.1, 12/29/87; and 28 C.F.R. §541.11? (It would be a violation of Mr Thompson's due process to hold him accountable for alleged acts in which he did not know was prohibited, whereas, the contractor failed to furnish a copy of "Table 3-Prohibited Acts and Disciplinary Scale" to Mr. Thompson upon his arrival. This matter can be verified by checking Mr. Thompson's Central File);

2). Whether Mr. Thompson can be held accountable by the Bureau of Prisons and sanctioned pursuant to Inmate Discipline and Special Housing Units procedures for alleged conduct which occurred outside of the perimeters and jurisdiction of this administration's authority? (Mr. Thompson was alleged to have "Threatening Another With Bodily Harm" in violation of P.S. 5270.07 Code 203, Ch.4, Pg.7, 10/11/00. However, the "Another" victim(s) alleged to have been threatened were neither in the "care, custody, [or] control (direct or constructive) of the Bureau of Prisons." (See P.S. 5270.07, Ch.1(1)[a], Pg.1, 09/29/94). Moreover, by taking disciplinary actions against Mr. Thompson for alleged conduct which happened at Dombrovski Meats Co., would not in anyway "promote a safe and orderly institutional environment" in which the disciplinary action should be necessary to promote. (See 5270.07, Ch.1(1)[b](2), Pg.1). This person was not an inmate or Bureau employee. In retrospect, the only actions that could have been taken against Mr. Thompson if these allegations were to pan out to have truth are civil or criminal, but not administrative.);

3). Whether the CDC's and DHO's findings were clearly erroneous, whereas, their findings were based on conflicting, nonmeritious evidence that did not meet the "greater weight of the evidence" standard as mandated pursuant to 28 C.F.R. §541.17(f), Ch.V(07-01-04 Edition); P.S. 5270.07, Ch.7(2)[f], Pg.5? (Pursuant to P.S. 5270.07,Ch.7(2)[f], Pg.5, it states The DHO shall consider all evidence presented at the hearing. The decision of the DHO shall be based on at least some facts, and if there is conflicting evidence, it must be based on the greater weight of the evidence." P.S. 5270.07, Ch.7[f], further explains that "The phrase 'greater weight of the evidence' refers to the **merits** of the evidence, not to its quantity nor to the number of witnesses testifying." Id. In Mr. Thompson case, The DHO and CDC based their findings on the Incident Report written by Mary Herman, Program Director at Benton County Jail, dated 2/16/05. The Incident Report alleges that Mr. Thompson made some threatening (slang language) remarks to some of the female employees at Dombrovski Meats, and that one female employee said that she was not comfortable with working by Mr. Thompson whereas he described her in slang terminology as a "seven." (See Exh. E, Letter to U.S. Parole Commission, dated 04/08/05). The DHO determined that the female employee was aware of the slang term, however, she "didn't know of its particulars." (See DHO Report, 2/24/05, Part-V). The CDC further determined that Mr. Thompson had violated the conditions of the work release program, whereas, upon his termination from Dombrovski Meats, he failed to immediately report back to jail. This was confirmed by the fact that several female employees admitted they went to Casey's foodmarket with Mr. Thompson at which time he phoned the County Jail informing them of his position and whereabouts. The facts just leaps from the pages in support that this Incident Report was capriciously initiated. First, and foremost, if all the female co-workers conversed together and all knew what "seven of ten" meant, and where all alleging upset and uncomfortable working with Mr. Thompson, then why would several of his female co-workers walk to the store with him later and hang-out?; Secondly, had the CDC and DHO adequately investigated, they would have discovered that the remarks allegedly made by Mr. Thompson were only contemporary, Hip-Hop, everyday-urban slang used by millions upon millions of people around the world who's connected to the hip-hop community. It would be unjust to punish a person for using harmless slang in which suburban citizens are not use to hearing or speaking);

4). Whether the CDC and DHO violated Mr. Thompson's procedural rights by both failing to make any specific findings as to which "victim", or what "victim", the alleged threatening remarks were committed against, whereas, "there can be only one victim for each prohibited act." (P.S. 5270.07, Ch.5, Attachment A, Pg.3). Mr. Thompson had a right to know which victim he was to defend against.

For the reasons and authorities cited herein, this Appeal should be granted and the Incident Report vacated and expunged and Mr. Thompson reinstated to work release and credited time served.

/S/ Joseph B.Thompson      ▇▇▇▇ 05-16-05

**Part B - Response**

You appeal the February 24, 2005, decision of the Center Discipline Committee (CDC) in which you were found to have committed the prohibited acts of Threatening Another With Bodily Harm or Any Other Offense (code 203) and Violating a Condition of a Community Program (code 309). The CDC's decision was reviewed and certified by a Bureau of Prisons' Discipline Hearing Officer (DHO) on February 25, 2005. You request expungement of the incident report.

Our review of your disciplinary proceedings indicates substantial compliance with Program Statements 7300.09, Community Corrections Manual, and 5270.07, Inmate Discipline and Special Housing Units. The decision was based upon the evidence as detailed in Section V of the report. We find it reasonable for this determination to have been made. Records indicate you appeared before the CDC, were advised of your rights, and made a statement.

You state the CCC failed to make Program Statement 5270.07, available to you. Review of the record reveals that you have received orientation regarding the Bureau of Prisons (BOP) discipline policy as well as the rules of the CCC.

You state you cannot be held accountable for violating the BOP discipline policy when you are outside the perimeters and jurisdiction of the BOP. Inmates in CCCs remain subject to the BOP discipline policy even if they are at a workplace outside the CCC.

You state the CDC did not meet the greater weight standard of evidence. The CDC provided, in Section V of the DHO report, a comprehensive description of the specific evidence relied upon to support the determination that you committed the prohibited act. We concur with the determination that the greater weight of the evidence indicated you committed the prohibited acts.

You state that no victim of your threat was identified. Review of the record revealed that you told an employee of the company at which you worked that "You are at a seven" and when asked what the meant, you said "you have 'til ten." Another employee asked you what the seven – ten stuff meant, and you replied that "at seven you get hurt real bad and at ten you get killed." Given the seemingly universal applicability of this threat, significant numbers of those who worked at the company felt threatened by you.

Based on our review of the disciplinary record, we find the required disciplinary procedures were substantially followed, the greater weight of the evidence supports the CDC's decision, and the sanctions imposed were commensurate to the severity level of the offense and in compliance with policy.

Your appeal is denied.

September 22, 2005
Date

Harrell Watts, Administrator
National Inmate Appeals

045