E-FILED
Friday, 29 December, 2006  12:26:36 PM
Clerk, U.S. District Court, ILCD

Joseph Thompson
Reg. No. 11874-007
FCI Pekin
P.O. Box 5000
Pekin, IL 61555-5000

Appearing pro se

FILED

DEC 2 9 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

JOSEPH THOMPSON,                )
                                )
        Petitioner,             )        Dist. No. 05-1267
                                )        Appeal No. 06-2141
                                )
    vs.                         )
                                )
                                )
RICK V. VEACH, Warden,          )
                                )
        Respondent.             )
                                )

PETITIONER'S MOTION FOR BOND PENDING REVIEW

Now comes, Joseph Thompson (Thompson), and hereby requests this
Court set bond in the instant matter pending appellate review of the
legality of his continued confinement, as authorized by Federal Rule
of Appellate Procedure 23.  In support of this request, Thompson
avers as follows:

JURISDICTION

Thompson asserts that although this matter is presently being
reviewed by the Seventh Circuit Court of Appeals, this Court retains
jurisdiction over the instant request for bond pursuant to FRAP 23.

See FRAP 23(b)(3); see also Jago v. United States District Court, 570 F.2d 618, 622 (6th Cir.1978) ("In this respect, the case is not unlike many others in which the district court has of necessity retained power to act even though a judgment in the case may be the subject of a pending appeal")  For these reasons, Thompson asks that this Court make an expeditious determination on this application for bond while this matter is under review by the Seventh Circuit.

## PROCEDURAL HISTORY

Thompson initiated this action through the filing of a petition for writ of habeas corpus brought by a person in federal custody pursuant to 28 U.S.C. § 2241.  In this petition, inter alia, Thompson challenged the administrative action taken against him by the United States Parole Commission (hereafter "Commission").  The issue most pertinent to the instant request for bond pending review dealt with the Commission's finding that Thompson had committed new criminal conduct while he was on work release.

In his petition, Thompson alleged that the Commsssion's finding of new criminal conduct drastically increased the permissible recission range Thompson was exposed to after the Commission determined that he had violated the conditions of his parole.  This finding, Thomspon contended, was without factual basis in the record and constituted a contravention of the applicable guidelines utilized by the Commsssion. Thomspon argued that at no time did the Commission indicate which state or federal statue he violated by committing the underlying

2

conduct which is required under the applicable guidelines before the Commission could characterize Thompson's conduct as new criminal behavior in the community.  See Parole Guidelines, at 2.36-03 ("New criminal behavior in the community includes a new felony or misdemeanor offense") The only findings relied upon by the Commission were findings that Thomspon committed an administrative infraction which violated Bureau of Prisons disciplinary regulations.  The findings by the Commission determined that Thompson had committed a new crime without explaining exactly what statue or offense he violated.  This is a clear violation of Thompson's Fifth Amendment right to the Due Process of law and an abuse of discretion by the Commission.  See Solomon v. Elsea, 676 F.2d 282, 290 (7th Cir.1982).

Notwithstanding the above arguments made by Thompson, this Court denied habeas relief on February 24, 2006.

Thompson filed a timely notice of appeal and subsequently filed an initial brief and reply once the government responded to the claims contained in his habeas action.  Following full briefing, the United States Court of Appeals for the Seventh Circuit appointed Thomspon and attorney under the Criminal Justice Act and scheduled additional briefing and oral arguments on the issue of whether Thompson had committed new criminal conduct in the community.

This motion for bond pending review follows.

## ARGUMENT

Thompson asserts that bond pending the resolution of appeal is appropriate in this matter due to the below listed exceptional circumstances.  See Nash v. Eberlin, 437 F.3d 519, 526 fn. 10 (6th Cir.2006)("The district court may release petitioners on bail if there is a substantial claim of law and the existence of circumstances making the motion for bail exceptional and deserving of special treatment in the interest of justice")(quoting Aronson v. May, 85 S.Ct. 3, 5 (1964)(Douglas, J., in chambers).  Bond is appropriate in a habeas corpus case where detention is unreasonable, unjustified and in violation of federal law.  Nadarajah v. Gonzales, 443 F.3d 1069, 1084 (9th Cir.2006).

As for Thompson's first  required showing ―― that his petition presents a substantial claim of law ―― this matter has already been determined by the court of appeals.  After revieweing the record and the pro se briefs submitted by Thompson, the appellate court determined that Thompson's allegations were sufficient to require the appointment of counsel and oral argument.  The issue before the appellate court deals with the fact that the Commission abused its discretion when it failed to provide an adequate factual basis for its decision that Thompson committed new criminal conduct in the community.

Contrary to the applicable regulations describing what actually constitutes new criminal conduct in the community, the Commission acted completely contrary to established regulations when it determined

4

that a finding that Thomspons committed an administrative infraction
satisfied the parole guidelines definition of a crime.  This is
plainly inappropriate.  See Parole Guidelines, at 2.36-03 ("New
criminal behavior in the community includes a felony or misdemeanor
offense); see also 2.34-07(a)("The occassion may arise where a prisoner
is alleged to have committed a new crime")

   The delegations and language contained in the above described
regulations make abundantly clear that a new criminal offense need
be committed to justify such a finding by the Commission.  The problem
here is:  Thompson was never charged or found guilty of any crime.
The finding made by the Commission to support its decision to
rescind Thompson's parole does not indicate which crime Thompson was
said to have committed.  And the Commission is not free to define criminal
acts as it sees fit.  See Const. Art. I, sec. 8 ("The Congress shall
have the Power to ... make all laws which shall be necessary and proper")
Thus Thomspon makes the reqisite showing that the issue presented
constitutes a substantial question of law.

   Next Thompson contends that exceptional circumstances exist in this
matter which warrant his release pending appellate review.  As discussed
above, the only basis for Thompson's parole recision was his commission
of an administrative infraction; this was the only basis provided in
the Commission's Notice of Action to rescind Thompson's parole.  See
Hearing Summary (attached).  For this infraction, Thompson faced a
total of two months imprisonment.  See Parole Guidelines, at 2.36-01

5

("Administrative Infractions") ("The recission guidelines for Admini-
strative Infractions for simple possession or use of illicit drugs
(other than alcohol) or refusal to provide a urine specimine are 0-8
months. <u>The recission guidelines for other administrative infractions</u>
(including simple possession or use of alcohol) <u>are 0-60 days per</u>
<u>incident</u>") Notwithstanding the clear language of the above
guidelines and the nature of the infraction committed by Thompson, he
has been incarcerated for **nearly two years now.**

For nearly two years Thompson has went through the extended
process of exhausting his administrative remedies which is required
prior to initiating a habeas action in this Court.  Following his
exhaustion of administrative remedies, Thompson waited several
months for this Court to resolve his habeas claims before finally
seeking relief in the Seventh Circuit Court of Appeals.  Only after
full briefing and several more months which would follow did the
appellate court appoint Thompson an attorney and order additional
briefing and oral arguments.

Should the appellate court ultimately find in Thompson's favor,
he will have been imprisoned for nearly two years beyond what was
authorized by the applicable guidelines.  He will have been invariably
harmed and unjustifiably imprisoned for an extensive period of time
as a result of the unlawful action of the Commission in this case.
The foregoing unequivically establishes exceptional circumstances
warranting the grant of bond in this case pending review.

## CONCLUSION

WHEREFORE, Thompson asks this Court to make provisions for his release on bond pending review of this matter by the Seventh Circuit Court of Appeals in the interests of justice in this case.

Dated:  December 28, 2006

Joseph Thompson
Reg. No. 11874-007
FCI Pekin
P.O. Box 5000
Pekin, IL 61555-5000

Appearing pro se

## CERTIFICATE

I hereby certify that I have placed a true and correct copy of the foregoing in the U.S. Mail, firstclass postage prepaid and properly addressed to the following on this 18th day of December, 2006.

United States Attorney's Office
Thomas A. Keith, AUSA
One Technology Plaza
211 Fulton Street, Suite 400
Peoria, IL 61602

Joseph Thompson

U.S. Department of Justice                              **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: THOMPSON, Joseph                    Institution: Minneapolis CCM
Register Number: 11874-007
DCDC No: 236-180                          Date:        March 1, 2005

---

In the case of the above-named, the Commission orders pursuant to 28 C.F.R. §2.86:

Reopen and retard parole effective date of February 26, 2005 *nunc pro tunc* for violating the rules of the institution and schedule a rescission hearing on the next available docket.

**REASONS:**

The Commission has determined, based upon an incident report from the Bureau of Prisons, that on February 25, 2005 you were found guilty by a Disciplinary Hearing Officer of Threatening Another with Bodily Harm on February 25, 2005 you were found guilty by a Disciplinary Hearing Officer of Violating a Condition of a Community Program.

THE ABOVE DECISION IS NOT APPEALABLE.

cc:     CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2070
        Washington, D.C. 20001

**EXHIBIT**
_M_

---

THOMPSON 11874-007                        -1-                    Clerk:   MDD
Queued: 03-01-2005 15:45:27 BOP-Minneapolis CCM |

026

# HEARING SUMMARY

**Name: Thompson, Joseph**                              **Reg No: 11874-007**

## Hearing Parameters

Hearing Format ..............................: **In Person**

Hearing Type ...............................: **Rescission**

Hearing Date ...............................: 6/29/05

Examiner......................................: Jeffrey S. Kostbar

Institution ...................................: Pekin FCI

## Sentence Parameters

Sentence Type..............................: **DC Parole Eligible**

MR/Statutory Release ..................: 1/25/2009

Full Term Date.............................: 1/25/2009

Months in Custody........................: as of

Fines/Restitution/Assessment .......: None

Detainer........................................: Yes – 6-months consecutive federal no parole term to follow for behavior not associated with the current rescission charge.

**Additional text regarding the above parameters:** The subject objected to his hearing being held with his case manager present. I explained to the subject that the case manager and the case manager coordinator (who was also sitting in on today's hearing) had a legal and procedural right to be present at today's hearing and they would not be excused from the room. The hearing did proceed.

---

## Prior Action & Institutional Factors

**Prior Action:** The subject's original term was 5-15 years (1999) for Attempt to Possess with Intent to Distribute Cocaine. That sentence was suspended and he was placed on 5-years supervised probation and ordered to a Halfway House Program. The probation was revoked in the year of 2000 and he was sentenced to a 3-9 year term.

The subject was then given a presumptive parole date of 2/20/04. He was placed in a Halfway House, Hope Village, prior to that date and he escaped. The subject stated that he left the halfway house because he felt threatened. The subject's parole effective date of 2/20/04 was rescinded and he was given a 12 month sanction, plus the time spent in escape status and his parole was to take affect to his consecutive 6-month no parole term.

Once again, the subject was placed in a CCC prior to an anticipated release. His new parole effective date was 2/26/05. 10 days short of that date, 2/16/05, the subject was fired from his job at Dombrodski Meats, for threatening fellow female employees. The subject was found guilty by DHO on 2/25/05 and he was returned to Federal Bureau of Prisons custody.

The subject has availed himself of his administrative remedy appeal process within the Bureau of Prisons. He did not gain satisfaction from either the BP-9 or the BP-10 (appeal to the Warden and the Regional Office). He

**Thompson, Joseph, Reg. No. 11874-007**                      **Page 1 of 4**

EXHIBIT

N

027

then appealed to the Central Office of the Bureau of Prisons via BP-11 but that appeal was returned to him for some administrative reason and not accepted. He is still trying to have that appeal accepted and states that he will go to court when he's exhausts administrative remedy.

The subject questioned what the Parole Commission will do if he is ultimately found not guilty of this incident by the Bureau of Prisons and his DHO's expunged (providing the Parole Commission makes a rescission decision today). This examiner explained to him that the Parole Commission will have a choice as to either cancel any rescission action it has taken or schedule another hearing and make an independent finding of fact based on the allegations, notwithstanding the expungement of the Bureau of Prisons. I explained to him that the Parole Commission does have the authority to make independent findings of fact regarding rescission behavior, even when a standing DHO is not in evidence.

**Codefendants:** None.

**Representative & Representative's Statement:** Waived.

**Prisoner's Statement:** The prisoner submitted a written statement (a copy of which I have included in the packet) and requested that it be read into the record. I read this statement into the record. Apparently, he has also sent a copy to the Parole Commission Office and there is likely a copy in the file. The subject blames the incident at his job on ethnic differences between himself and the female coworkers. He acknowledges using slang words but states that they were misinterpreted and that he was not threatening anyone. He states that he is an African American working amongst whites from a small town and that they misinterpreted his words and actions. Further, he believes that there are administrative errors in the processing of his DHO by the Bureau of Prisons.

**Disciplinary Infractions**

**No. 1 - BOP Incident Report No. 1315528**
    **Description of Behavior:** Threatening Bodily Harm.
    **Prisoner's Response:** As noted previously in the Prisoner's Statement, he denies threatening anyone either through physical actions or verbal actions. He blames this matter on the fact that he is an African American who was working among small town white woman and that they misinterpreted his statements and his slang.

    This examiner would note that the subject's actions at his job are reported by the job supervisor to be a part of pattern of behavior, which was escalating. The subject, through his physical actions and statements was making fellow workers, who are female, feel very uncomfortable and they were staying away from him. They were already feeling threatened and he was insinuating that he had connections who could take care of their husbands or boyfriends. The situation culminated when the subject used slang, which was threatening slang. He told the fellow coworkers that she was at a 7. When another female coworker confronted our subject and asked what 7 and 10 meant he told her that at a 7 "you get hurt real bad and that a 10 you get killed".

    This examiner finds that the statements of his fellow employees, as reported through their work supervisor, are more credible and convincing than the subject's denial of those statements at today's hearing. Consequently, this examiner finds that the subject did commit the prohibited act of threatening another with bodily harm.

**Findings of Fact:** This examiner finds that the subject violated the rules of the institution as indicated in the above violation.
**Basis:** DHO finding of 2/25/05 and independent finding of fact regarding incident of 2/16/05.
**Severity:** Category One because it involved Threatening Another with Bodily Harm.
**New SFS:** 3.
**Rescission Guideline:** 12-16 months.

**Program Achievement:** None.

**Release Plans:** The subject plans to live with his wife in New Hope, Minnesota. This residential plan has been previously approved.

## Guideline Parameters, Evaluation & Recommendation

Disciplinary Guideline Range:.......................... 12-16

**Evaluation:** Please note that this case was originally worked up by the Analyst and the Pre-reviewer as an administrative violation with guidelines of 0-2 months. Consequently, there was not SFS computed prior to today's hearing. This examiner, utilizing limited information available at the hearing, has computed a SFS of 3 based upon the fact that I find that this is new criminal conduct committed in the community while on Work Release/CCC status. Consequently, the case must have a new SFS computed and an offense severity assigned. Appropriate guidelines would appear to be 12-16 months.

The subject objected to 12-16 month guidelines being applied to this hearing and believes that 0-2 month guidelines should be applied. This examiner explained to the subject that per 28 C.F.R. 2.36(a)(3), found on page 89 of the manual, guidelines which are applicable to reparole violators under Section 2.21 shall be applied using the new offense severity from 2.20 and recalculated SFS.

This is now the subject's second CCC failure since 2004. This examiner believes that a top of the guideline decision after service of 16 months would be appropriate to this case. Of course, any parole will be to his 6-month no parole consecutive term. Alcohol Aftercare and Drug Aftercare should apply to this case.

**Recommendation:** Rescind parole effective date of 2/26/05. Continue to a presumptive parole 6/26/06 to the consecutive 6-month no parole term only. This requires the service of an additional 16-months.

**Conditions:** Drug and Alcohol Aftercare.

**Statutory Interim Hearing:** None.

**Guideline Use:** A departure from the guidelines at this consideration is not warranted.

**Additional Text:** None.

**Executive Reviewer's Comments:** Denton 7/19/05

I have reviewed the file to determine the salient factor score since the examiner had limited information. The prior convictions/commitments are as follows:

## SWORN AFFIDAVIT OF JOSEPH THOMPSON

I, Joseph Thompson, hereby affirm under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct based upon my knowledge and belief.

1.    Very recently, I was appointed an attorney in a limited capacity in the United States Court of Appeals for the Seventh Circuit to brief one issue in the matter of Joseph Thompson v. Rick V. Veach, No. 06-2141.  This appeal came from the denial of my request for habeas relief in this Court in Case No. 05-1267.

2.    After speaking with my appointed appellate counsel, Song K. Cheng, and asking him to file a motion for bond pending appellate review, he informed me that his appointment to represent me in the court of appeals did not extend to a request for bond.  Nonetheless, he requested that I draft a motion and allow him to review it. Accordingly, I drafted the proposed motion (attached) and allowed him to review it.

3.    On December 27, 2006, I spoke with attorney Cheng and asked him whether he had an opportunity to review the motion I provided him with.  He informed me that he had reviewed the motion but did not belive that his appointment to my case encopased filings in the district court or for bond in general.

4.    Based on the foregoing reasons and attorney Cheng's advice, I am filing the instant motion pro se because Cheng's appointment only extends to matters of briefing in the appellate court.

Joseph Thompson

12-28-06