UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

```
JOSEPH THOMPSON,                )
                                )
     Petitioner,                )
                                )
          v.                    )    Case No. 05-cv-1267
                                )
UNITED STATES PAROLE COMMISSION, )
                                )
     Respondent.                )
```

**O R D E R**

Before the Court are the Motion for Bond Pending Review filed by the petitioner, Joseph Thompson, on December 29, 2006 [Doc. 20] and the Motion to Expedite Disposition of Bond filed by Thompson on February 6, 2007 [Doc. 21]. For the reasons that follow, the motion for bond is DENIED and the motion to expedite is DENIED AS MOOT.

**BACKGROUND**

On February 24, 2006, this Court denied Thompson's petition for a writ of habeas corpus and judgment was entered in favor of the respondent. Thompson subsequently appealed this judgment and his appeal is currently pending before the Seventh Circuit Court of Appeals. On October 5, 2006, the Seventh Circuit issued an order which appointed counsel to the petitioner and which specifically required briefing on the issue of whether there was a rational basis in the record for concluding that the petitioner committed a criminal act. The commission of this act

was a reason given by the respondent for rescinding the petitioner's parole and formed one of the issues raised in the habeas petition.

## DISCUSSION

Thompson seeks release pursuant to Federal Rule of Appellate Procedure 23(b) which provides:

> **Detention or release pending review of decision not to release.** While a decision not to release a prisoner is under review, the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court, may order that the prisoner be:
>
> (1) detained in the custody from which release is sought;
>
> (2) detained in other appropriate custody; or
>
> (3) released on personal recognizance, with or without surety.

The Seventh Circuit has not specifically addressed the standard used to determine whether an unsuccessful habeas petitioner should be released pending appeal. In Aronson v. May, 85 S.Ct. 3 (1964), Justice Douglas considered whether a petitioner should be released pending an appeal of the denial of a habeas petition by a district court. Justice Douglas stated that the court should consider whether there are "substantial questions presented by the appeal" and whether "there is some circumstance

making this application exceptional and deserving of special treatment in the interests of justice." Id. at 5.[1]

Thompson has neither shown a substantial question nor an exceptional circumstance that would warrant release at this stage of the proceedings. In his motion, Thompson merely reiterates his claim and indicates that the Seventh Circuit has found that his claim is substantial because it has appointed counsel and set the matter for oral arguments. While such action by the Court of Appeals may show that Thompson's claim has some merit, it is far from showing that he has raised a substantial question. Second, the only exceptional circumstance that Thompson raises is that he has continued to be incarcerated pursuant to a sentence and conviction that he has not collaterally challenged. The fact that Thompson is required to serve out his sentence, as oppose to being released on parole, is not an exceptional circumstance that would warrant release. Finally, the time that it has taken for this court (a little

---

[1] It should be noted that in enunciating this test, Justice Douglas stated that: "This applicant is incarcerated because he has been tried, convicted, and sentenced by a court of law. He now attacks his conviction in a collateral proceeding. It is obvious that a greater showing of special reasons for admission to bail pending review should be required in this kind of case than would be required in a case where applicant had sought to attack by writ of habeas corpus an incarceration not resulting from a judicial determination of guilt." Id. at 5. In this case, Thompson does not challenge his underlying conviction; rather, he challenges the rescission of his parole.

over six months) and the court of appeals to consider Thompson's habeas petition has not been exorbitant such that release would be in the interests of justice. See Glynn v. Donnelly, 470 F.2d 95, 98-99 (1st Cir. 1972) (indicating that an "extraordinary delay" may be a special circumstance warranting release). Thus, Thompson has not made a sufficient showing that release is warranted pursuant to Rule 23.

## CONCLUSION

For these reasons, the motion to bond pending review is DENIED. This decision renders the petitioner's motion to expedite MOOT.


Entered this  5th  day of March, 2007

                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                     United States District Judge